UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**CHARLES D. AUSTIN**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7810**<br>**MDD_CDAChambers@mdd.uscourts.gov** |

March 6, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Maiah M. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
       Civil No. 23-3485-CDA

Dear Counsel:

On December 22, 2023, Plaintiff Maiah M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision pertaining to the cessation of Plaintiff's benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 9) and the parties' briefs (ECFs 12 and 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title XVI application for Supplemental Security Income ("SSI") benefits on March 17, 2018 and a Title II application for Disability Insurance Benefits ("DIB") on March 19, 2018, alleging a disability onset of February 20, 2018. Tr. 268-80. Plaintiff's claims were awarded on September 19, 2018, finding Plaintiff disabled as of February 20, 2018. Tr. 84-85, 92-93, 100, 108. On March 23, 2022, during a continuing disability review, Plaintiff was found no longer disabled as of March 1, 2022. Tr. 132-33, 138-41. That determination was upheld on reconsideration. Tr. 155-61. On December 13, 2022, an Administrative Law Judge ("ALJ") held a hearing, in which Plaintiff chose to appear unrepresented. Tr. 40-81. Following the hearing, on July 6, 2023, the ALJ determined that Plaintiff's disability within the meaning of the Social Security Act[2] ended on March 1, 2022. Tr. 18-31. The Appeals Council denied Plaintiff's request for review, Tr. 1-3, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000);

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security, on December 22, 2023. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

see also 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). "Ordinarily, the SSA employs a five-step sequential evaluation process" to assess disability. *Figgs v. Saul*, No. JMC-20-334, 2021 WL 3930708, at *1 (D. Md. Sept. 2, 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015)). "However, where the SSA granted a claimant benefits and subsequently terminated same, an eight-step continuing disability review evaluation process (for disability insurance benefits claims) and a seven-step continuing disability review evaluation process (for supplemental security income claims) guides the ALJ's analysis." *Id.* (citing 20 C.F.R. § 404.1594). The Court has explained this process as follows:

> At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claimant's impairment is compared to those in the Listing of Impairments [ ]. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability continues. If the claimant's impairment does not meet or equal a listed impairment, the Commissioner proceeds to step three. At step three, the Commissioner determines whether the claimant has experienced any medical improvement; if so, the Commissioner proceeds to step four, and if not, the Commissioner skips to step five. At step four, the Commissioner determines whether the medical improvement is related to the claimant's ability to work; that is, whether there has been an increase in the claimant's residual functional capacity [ ]. If not, the Commissioner proceeds to step five; if so, the Commissioner skips to step six. At step five—by which point the Commissioner has concluded that the claimant has not experienced medical improvement or the medical improvement is not related to the claimant's ability to work—the commissioner considers whether any of the exceptions to the medical exceptions to the medical improvement standard apply. 20 C.F.R. §§ 404.1594(d), (e). At step six, provided the medical improvement is related to the claimant's ability to work, the Commissioner determines whether the claimant's current impairments in combination are severe; if not, the claimant is no longer disabled. If so, the Commissioner proceeds to step seven and assesses the claimant's RFC to determine whether he or she can perform past relevant work experience. If the claimant can perform his or her past relevant work experience, the claimant is not disabled. If the claimant cannot perform past relevant work, however, the Commissioner reaches step eight and considers whether, given the claimant's RFC, age, education, and past experience, the claimant can perform other substantial gainful work.

*Id.* (brackets in original) (quoting *Furdon v. Berryhill*, No. 5:18-cv-BO, 2019 WL 1117908, at *2

(E.D.N.C. Mar. 11, 2019)). "Under each of the continuing disability review evaluation processes, there is no presumption of continuing disability." *Id.* at *2 (citation omitted).

Here, the ALJ first noted that at the time of the comparison point decision ("CPD") date of September 19, 2018—the date on which the SSA had most recently determined Plaintiff to be disabled—Plaintiff had the following medically determinable impairments: depressive, bipolar, and other related disorders and schizophrenia spectrum. Tr. 23. At step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity." Tr. 24. The ALJ also found that "since March 1, 2022, the claimant has had the following medically determinable impairments: depressive, bipolar, and other related disorders, schizophrenia spectrum, and post-traumatic stress disorder." Tr. 24. At step two, the ALJ determined that "[s]ince March 1, 2022, the claimant has not had an impairment or combination of impairments which meets or medically equals the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 24. At step three, the ALJ found that, based on the medical evidence of the record, "[m]edical improvement occurred on March 1, 2022." Tr. 26. At step four, the ALJ determined that the medical improvement related to Plaintiff's ability to work because "by March 1, 2022, the claimant's CPD impairment(s) no longer met or medically equaled the same listing[] [12.03] that was met at the time of the CPD." Tr. 26.

Having so determined at step four, the ALJ proceeded to step six. There, the ALJ determined that Plaintiff suffered from the severe impairments of "depressive, bipolar, and other related disorders, schizophrenia spectrum, and post-traumatic stress disorder." Tr. 26. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand and remember simple instructions and carry out simple, routine tasks. The claimant is able to maintain concentration and attention for 2 hours then may be off task, but off task time can be accommodated by normal breaks. The claimant can tolerate occasional changes to the routine work setting. The claimant is limited to occasional interaction with coworkers and supervisors. The claimant is limited to no public interaction.

Tr. 26. The ALJ determined that Plaintiff had no past relevant work, but considered Plaintiff's age, education, work experience, RFC, and current impairments, when determining that Plaintiff could perform a significant number of jobs in the national economy. Tr. 30. Therefore, the ALJ concluded that Plaintiff's disability ended on March 1, 2022 and Plaintiff has not become disabled again since that date. Tr. 31.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive .

*Maiah M. v. Dudek*
Civil No. 23-3485-CDA
March 6, 2025
Page 4

. . ." 42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

IV.   **ANALYSIS**

Plaintiff raises two arguments on appeal.  First, she argues that the ALJ erroneously assessed the RFC by: (1) failing to perform a function-by-function analysis of Plaintiff's work-related physical and mental abilities; (2) failing to set forth a narrative discussion connecting the evidence to each conclusion; (3) failing to adequately address Plaintiff's history of psychiatric hospitalizations; and (4) failing to explain how, despite Plaintiff's moderate limitations in concentrating, persisting, or maintaining pace ("CPP"), she would be productive or remain on task for ninety percent of the workday.  ECF 12, at 5-18.  Second, Plaintiff contends that the ALJ erroneously evaluated her subjective complaints.  *Id.* at 18-27.  Defendant counters that substantial evidence supports the ALJ's findings, specifically that the ALJ's RFC properly considered the relevant evidence and accounted for Plaintiff's non-exertional mental limitations, and that "the ALJ followed the appropriate framework when considering Plaintiff's symptoms."  ECF 15, at 7-21.

After carefully reviewing the record, the Court determines that the ALJ erred in assessing Plaintiff's RFC.  When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)."  *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)).  One of these four areas, CPP, concerns "the abilities to focus attention on activities and stay on task age-appropriately."  20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3).  A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair."  *Id.*

Specific to a limitation in the functional area of CPP, an ALJ must expressly account for such limitation, or explain why no such limitation exists, in the function-by-function analysis. *Mascio*, 780 F.3d at 638; *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020).  An ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations.  *See Mascio*, 780 F.3d at 638 (citation omitted) (holding that the Fourth Circuit "agree[s] with other circuits [joining the Third, Seventh, Eighth, and Eleventh Circuits] that an ALJ does not account for a claimant's limitations in [CPP] by restricting the hypothetical question to simple, routine tasks or unskilled work."); *Shinaberry*, 952 F.3d at 121-22.  However, when a medical opinion provides "detailed findings" regarding a claimant's "sustained concentration and persistence limitations," an ALJ may account for those limitations by assigning persuasive weight

*Maiah M. v. Dudek*
Civil No. 23-3485-CDA
March 6, 2025
Page 5

to the opinion and incorporating the opined limitations into the RFC. *See Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017).

Here, the ALJ determined that Plaintiff had a moderate CPP limitation. Tr. 25. The ALJ "accommodated" for Plaintiff's mental impairments by limiting that Plaintiff "can understand and remember simple instructions and carry out simple, routine tasks. The claimant is able to maintain concentration and attention for 2 hours then may be off task, but off task time can be accommodated by normal breaks. The claimant can tolerate occasional changes to the routine work setting. The claimant is limited to occasional interaction with coworkers and supervisors. The claimant is limited to no public interaction." Tr. 26.

The ALJ evaluated the opinions of two state agency psychologists, Dr. D. Walcutt, Ph.D., and Dr. D. Shapiro, Ph.D., who both opined that Plaintiff had moderate CPP limitations. Tr. 28-29. Drs. Walcutt and Shapiro opined, among other things, that Plaintiff's "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" is moderately limited. Tr. 89, 97, 105, 113. Dr. Shapiro also opined that Plaintiff's "condition may cause occasional fluctuations in attention and task persistence." Tr. 105, 113. The ALJ found the psychologists' assessments "partially persuasive because they are generally consistent with and supported by the evidence of record," however, the ALJ further found that Plaintiff had moderate limitations in all four areas of mental functioning. Tr. 29.

Despite determining that Drs. Walcutt's and Shapiro's opinions were "partially persuasive", both of which discussed Plaintiff's ability to complete a workday "without an unreasonable number and length of rest periods," the ALJ concluded that Plaintiff "is able to maintain concentration and attention for 2 hours then may be off task, but off task time can be accommodated by normal breaks."[3] Tr. 26. In contravention of SSR 96-8p, the ALJ provided no explanation for the conflict between Drs. Walcutt's and Shapiro's "partially persuasive" opinions and Plaintiff's off-task RFC provision. *Cf. Sizemore*, 878 F.3d at 80-81 (affirming an ALJ's decision where: (1) the ALJ adopted, without explanation, certain RFC limitations suggested in a medical opinion that provided "detailed findings" on a claimant's "sustained concentration and

---

[3] This Court has recognized that such a limitation alone is insufficient to account for moderate CPP limitations because normal breaks are customary even for workers *without* CPP limitations. *See Richardson v. Berryhill*, No. TJS-17-1523, 2018 WL 11474067, at *3 (D. Md. June 25, 2018) ("The ALJ's finding that [claimant] can perform work in two-hour increments with normal breaks does not adequately account for [his] ability to concentrate and stay on task."); *Ludlow v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3044, 2016 WL 4466790, at *2 (D. Md. Aug. 23, 2016) (noting that an ALJ's "restriction to working in 2-hour intervals does not adequately account for a moderate limitation in the ability to stay on task, absent further explanation," and "does not account for any breaks in addition to those encompassed by a normal workday"); *see id.* (citing Social Security Ruling ("SSR") 96-9p, 1996 WL 374185 (July 2, 1996) for the proposition that "a normal workday includes a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals").

persistence limitations" and (2) the ALJ assigned persuasive value to the opinion). SSA regulations require the ALJ to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." *Id.* But here, the ALJ did not explain how Plaintiff's off-task RFC provision is supported by the evidence. These gaps in the ALJ's analysis frustrate meaningful review and warrant remand. *See Mascio*, 780 F.3d at 637.

Remand is also warranted in light of the Fourth Circuit's instruction that, when a function is "critically relevant to determining [a claimant's] disability status," remand for failure to analyze that function is appropriate. *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 389 (4th Cir. 2021). Here, the vocational expert ("VE") testified that an individual would not be able to "sustain employment" if an employee's time off-task exceeded ten percent of the workday. Tr. 79-80. Proper evaluation of the Plaintiff's off-task RFC provision *may* have led the ALJ to find that Plaintiff's time off-task exceeded the off-task time deemed work-preclusive by the VE.

Because the case is being remanded on these grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff's disability ended on March 1, 2022 and that Plaintiff has not become disabled again since that date, is correct.

## V.     CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge